Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
(*Pro Hac Vice* Pending)

*Attorneys for Plaintiff IPI (CNMI) LLC*

FILED
Clerk
District Court

DEC 27 2023

for the Northern Mariana Islands
By_____UP_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>Commonwealth Casino Commission of the Commonwealth of Northern Marianas Islands;<br><br>Defendant. | Case No. CV 23-00016<br><br>**COMPLAINT FOR**<br>1. **UNCONSTITUTIONAL IMPAIRMENT OF CONTRACT AND VIOLATION OF THE CONTRACTS CLAUSE OF THE U.S AND CNMI CONSTITUTIONS;**<br>2. **VIOLATION OF THE DUE PROCESS CLAUSES OF THE U.S. AND CNMI CONSTITUTIONS;**<br>3. **VIOLATION OF ARTICLE IV OF CNMI CONSTITTION;**<br>4. **BREACH OF CASINO LICENSE AGREEMENT**<br>5. **DECLARATORY RELIEF, INJUNCTION AND RESTITTUION.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Imperial Pacific International (CNMI), LLC; (hereinafter referred to as "IPI"), by and through its undersigned counsels, as and for its complaint against Commonwealth Casino Commission of the Commonwealth of Northern Marianas Islands, (hereinafter referred to as "CCC"), alleges as follows:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Article 3, Section 2, of the United States Constitution and 28 U.S.C. Section 1331 in that the action arises under the Contracts, Due Process Clauses of the United States Constitution, and Plaintiff's right to relief depends on resolution of substantial questions of federal laws. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367 and principles of supplemental and ancillary jurisdiction.

## VENUE

2. Venue is proper in the federal district court for the Northern Mariana Islands in that Defendant resides and does business in this District, including business related to the claims asserted herein (28 U.S.C. Section 1391 (b) (1), the events on which the claims are based occurred in this District (28 U.S.C. Section 1391(b) (2)), and the property which is the subject of this action is located in this District (28 U.S.C. Section 1391 (b) (2)).

## IDENTIFICATION OF PARTIES

3. Plaintiff IPI is a limited liability company organized under the law of the Commonwealth of the Northern Mariana Islands, with its principal place of business at PMB 895 Box 10001, Saipan, 96950, Northern Mariana Islands. Its sole member is Best Sunshine International Ltd. (BVI). ("hereinafter referred to as "Best Sunshine"). Best Sunshine is a corporation organized under the law of the British Virgin Islands, with its principal place of business at P.O Box 957. Offshore Incorporation Centre, Road Town, Tortola, British Virgin Islands. Best Sunshine is a wholly owned subsidiary of Imperial Pacific International Holdings Ltd., a publicly traded company on the Hong Kong Stock Exchange and was incorporated under the laws of Hong Kong, China.

4. The Commonwealth Casino Commission ("CCC") is the casino gaming regulatory agency of the Commonwealth of the Northern Mariana Islands ("CNMI") government that oversees and regulates the activities of the exclusive casino licensee operating in Saipan. CCC was established pursuant to 4 CMC Section 2313 under PL 18-56 on July 11, 2014.

## FACTUAL ALLEGATIONS

5. On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Commonwealth Lottery Commission. See **Exhibit A.**

6. Under Article 33 of the CLA, "[t]his License Agreement is to be interpreted under the laws of the Commonwealth of the Northern Mariana Islands and the exclusive jurisdiction of the courts thereof."

7. Under the CLA, among other obligations, IPI would pay $20 million annually to a Community Benefit Fund. IPI dutifully paid the $20 million contribution to the Community Benefit Fund each year prior to 2018.

8. Under the CLA, among other obligations, IPI would pay a fifteen million dollars ($15,000.000.00) annual Casino License Fee. IPI dutifully paid the annual license fee each year between 2014 and 2019.

9. On July 11, 2014, CNMI promulgated Public Law 18-56, which created CCC. Public Law 18-56 granted certain powers and duties to CCC and it was codified as 4 CMC § 2314.

10. Under 4 CMC § 2314, CCC assumed judicial functions and has jurisdiction over certain cases and controversies, including cases involving the interpretation and adjudication of the CLA.

11. On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars ($3,000.000.00) on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute"). That fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4

C.M.C. Section 2309 (a). IPI dutifully paid the Casino Regulatory Fee each year from 2015 through 2019.

12. By the operation of PL 19-24, the funding of CCC is completely originated from the payment of the annual regulatory fee by IPI and its affiliates. See **Exhibit B.**

13. On or about October 28, 2016, CCC issued Commonwealth Casino Commission Rules and Regulation, which is codified as NMIAC § 175 -10.1.

14. Due to a number of force majeure events and the suspension of the casino license by CCC, IPI has been unable to make the payment for the annual regulatory fee, annual license fees and Community Benefit Fund contribution for a few years.

15. Pursuant to NMIAC § 175 -10.1-601, failure to comply with the requirements set forth in the CLA is an unsuitable method of operation and a major offense subject to penalty, including but not limited to license revocation.

16. Pursuant to NMIAC § 175 -10.1-105, CCC has the "sole authority to amend or revoke the license granted to" IPI for "operating in an unsuitable manner due to violations of law, breaches of the license or violations of the regulations promulgated by the Commission, as well as any other reason for revocation or termination stated in the License."

## 2020 CCC ENFORCEMENT ACTIONS

17. The Executive Director of the CCC initiated five complaints against IPI in 2020. Later consolidated into Enforcement Action 2020-001 (encompassing actions 2020-001 and 2020-002) and Enforcement Action 2020-003 (encompassing actions 2020-003, 2020-004 and 2020-005), as follows:

   a. Complaint 2020-001 included claims for violations of the CLA based on IPTs failure to make Community Benefit Contributions;

   b. Compliant 2020-002 included claims for violations of Commonwealth law and the CLA based on IPTs failure to pay the Annual License Fee for 2020;

   c. Complaint 2020-003 included claims for violation of a prior CCC order (2020-003) requiring IPI to maintain at least $4.2 million in cash or cash equivalents in a bank in

the CNMI or United States and for IPTs executives to detail the means by which they would comply with that order;

d. Complaint 2020-004 included claims for violations of a prior CCC order (2020-004) requiring IPI to pay accounts payable over 89 days old and to certify compliance with that order;

e. Complaint 2020-005 included claims for violation of Commonwealth law and the CLA for IPTs failure to pay the Casino Regulatory Fee of $3,150,000.00 for 2020.

18. On April 22, 2021, the CCC held a hearing on these enforcement actions and issued Order No: 2021-002. **See Exhibit C.** In the Order, CCC assumed the jurisdiction to interpret and adjudicate the claims filed by the Executive Director of CCC, and made the finding that IPI violated the CLA.

19. The Order suspended IPTs gaming license, ordering IPI to pay a total of $18.65 million that it found was due under the CLA's Annual License Fee and Annual Regulatory Fee, and imposing a total of $6.6 million in penalties against IPI. The Order also required IPI to comply with previous Orders issued by the CCC.

20. On Nov. 5, 2021, IPI appealed the CCC's Order in the Superior Court for the Commonwealth of the Northern Mariana Islands, arguing that the CCC's Order was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law and unwarranted by the facts. IPI's primary argument was that the CCC failed to recognize the doctrine of force majeure despite the presence of the force majeure provision in the CLA and the clear, severe impact of a force majeure event, the COVID-19 pandemic, on IPI's ability to comply with its obligations.

21. On March 15, 2022, the Superior Court of CNMI affirmed the CCC's order, applying a very deferential standard of review.

22. On April 11, 2022, IPI appealed the Order issued by the Superior Court of CNMI to the Supreme Court of CNMI.

23. On September 25, 2022, CNMI Supreme Court affirmed the trial court's ruling in part and reversed in part and asked CCC to "decide on a reasonable deadline for IPI to pay" the annual license fees for 2020 and the following years.

24. On November 30, 2023, CCC issued a "Notice of Payment Deadline" and determined that a "reasonable deadline" for IPI to pay the $62,010.280.00 is "30 days from receipt of this notice." See **Exhibit D**.

## 2021 ENFORCEMENT ACTIONS

25. On or about September 17, 2021, Andrew Yeom, in his official capacity as Executive Director of CCC, filed five complaints against IPI with CCC.

   a. Complaint No. 2021-001 alleges breach of the CLA by IPI for its failure to pay the annual license fee for year 2020 under the CLA. See **Exhibit E**.

   b. Complaint No. 2021-002 alleges that IPI failed to maintain minimum capital requirements set by CCC. See **Exhibit F**.

   c. Complaint No. 2021-003 alleges that IPI failed to pay the annual regulatory fee for year 2020. See **Exhibit G**.

   d. Complaint No. 2021-004 alleges breach of the CLA by IPI for its failure to pay the annual license fee for year 2021 under the CLA. See **Exhibit H**.

   e. Complaint No. 2021-005 alleges that IPI failed to pay the annual regulatory fee for year 2021. See **Exhibit I**.

26. Proceedings for Complaints No. 2021-001 to 2021-005 was stayed since May 23, 2022 because the Court issued a TRO. See ECF No. 11 of Case No. 1:22-cv-00007.

27. The stay was later lifted due to the reversal by the United States Court of Appeals for the Ninth Circuit. See ECF No. 38-1 of Case 22-16630.

28. IPI filed a petition for a writ of certiorari with the U.S. Supreme Court on November 20, 2023, with a case number of 23-522. See ECF No. 59 of Case No. 1:22-cv-00007.

29. On or about December 13, 2023, Andrew Yeom, in his official capacity as Executive Director of CCC filed a motion with CCC and requested CCC to issue an order setting a Revocation Hearing for Complaints No. 2021-002 and 2021-003. **See Exhibit J.**

## CONSTITUTION AND STATUTORY GROUNDS

30. The Contracts Clause of the United States Constitution (U.S. Const. Art. I. Section 10, cl. 1) prohibits any state from passing a "law impairing the obligation of contracts."

31. Article 1, Section 1 of the CNMI Constitution likewise states that "[n]o law shall be made that is a bill of attainder, an ex post facto law, a law impairing the obligation of contracts…"

32. Under the Due Process Clause of the Fourteenth Amendment to the U.S Constitution, the government shall not deprive any person of property, without due process of law, or deny to any person the equal protection of the laws.

33. Article 1, Section 5 of the CNMI Constitution also provides that "No person shall be deprived of life, liberty or property without due process of law."

34. In 1975, the United States and the CNMI entered into the *Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America* ("Covenant"), providing that the CNMI would have Commonwealth status, the Covenant was signed into law by the U.S. Congress in 1976 and fully implemented in November 1986.

35. Under Section 501(a) of the Covenant, the Contracts Clause, the Due Process Clause of the United States Constitution are applicable to the CNMI.

36. Article IV, Section 1 of CNMI Constitution vested the judicial power of the Commonwealth in a judiciary of the Northern Mariana Islands which shall include those trial and appeals courts established by the legislature under this article.

37. Article IV, Section II of CNMI Constitution granted the Commonwealth trial court with original jurisdiction in all cases in equity and in all cases at law which involve land in the Commonwealth, and in all other civil actions.

## FIRST CAUSE OF ACTION

## (Against Defendant for Unconstitutional Impairment of the Contracts Clause of the United States and CNMI Constitutions)

38. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

39. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent CCC from violating and continuing to violate, the Contracts Clauses of the United States Constitution and CNMI Constitution.

40. CNMI and IPI had an existing contractual relationship that provides IPI with certain contractual and property rights to operate a casino in CNMI in exchange for substantial compensation to CNMI.

41. CNMI and IPI had an existing contractual relationship that provides that the interpretation of the CLA and the adjudication of disputes arising from the CLA shall be subject to "the exclusive jurisdiction of the courts thereof."

42. Acting under color of Commonwealth law, CCC, as an agency of CNMI, has caused IPI to suffer a substantial deprivation of its contract rights in violation of the federal and commonwealth constitutions. The Statute, 4 CMC §2314 gives CCC broad and sometimes exclusive authority to interpret the CLA and adjudicate disputes arising from the CLA, which constitutes a substantial and unconstitutional impairment of the CLA.

43. Commonwealth Casino Commission Rules and Regulation, which is codified as NMIAC § 175 -10.1, prescribe the detailed rules and procedures to give CCC broad and sometimes exclusive authority to interpret the CLA and adjudicate disputes arising from the CLA, which constitutes a substantial and unconstitutional impairment of the CLA.

44. IPI was and is still required by CCC to participate in proceedings initiated by CCC and heard by CCC to interpret the CLA and adjudicate claims arising from the CLA. The later imposed regulatory scheme where CCC functions as both an interested party, prosecutor, judge and jury for disputes that was reserved for the exclusive jurisdiction of CNMI courts effectively

nullifies the explicit terms of the CLA and imposes completely unexpected and new liabilities and limitations on the operation of IPI.

45. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

## SECOND CAUSE OF ACTION
### (Against Defendant for Violation of the Due Process Clauses of the United States Constitution and CNMI)

46. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

47. Plaintiff hereby seeks declaratory, injunctive and equitable relief to prevent CCC from violating and continuing to violate the Due Process Clauses in the Fourteenth Amendment to the United States Constitution, made applicable to CNMI by the Section 501 (a) of the Covenant, as well as Article 1, Section 5 of CNMI Constitution.

48. The Due Process Clause requires that the decision to deprive a person of a protected interest be entrusted to an impartial decision maker. This rule applies to both criminal and civil cases. The Supreme Court of the United States has explained that the neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law and preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.

49. The Statute, 4 CMC §2314, gives CCC broad and sometimes exclusive authority to interpret the CLA and adjudicate disputes arising from the CLA. The Statute also gives CCC broad policing power to regulate IPI as a casino operator. CCC is acting in a judicial or quasi-judicial capacity when interpreting the CLA and adjudicating disputes arising from the CLA.

CCC has a direct, substantial, arguably personal, pecuniary interest in finding IPI in violation of the CLA, given the fact that CCC is funded exclusively by the regulatory fees that are ordered to be paid by IPI and its affiliates to CCC. Even for matters that are outside the scope of CLA, CCC has a direct, substantial, arguably personal, pecuniary interest in finding IPI in violation of the Statute, given the fact that the finding of violation would directly result in fines and penalties payable to CCC, which is the only funding source for CCC.

50. Commonwealth Casino Commission Rules and Regulation, which is codified as NMIAC § 175 -10.1, prescribe the detailed rules and procedures which give CCC broad and sometimes exclusive authority to regulate the operations of IPI. Even for matters that are outside the scope of CLA, CCC has a direct, substantial, arguably personal, pecuniary interest in finding IPI in violation of the CCC Rules and Regulation, given the fact that the finding of violation would directly result in fines and penalties payable to CCC and give CCC additional leverages over IPI that were not available to CCC under the CLA.

51. 4 CMC §2314 and NMIAC § 175 -10.1 deprive IPI of due process to have its claims and defenses heard before a disinterested and impartial arbiter as guaranteed by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and the Constitution of CNMI.

52. CCC has demonstrated such predisposed tenancy to find against IPI in the 2020 enforcement actions. For example:
   a. CCC excluded IPI from introducing evidence of force majeure in the 2020 enforcement actions when "a reasonable mind would not accept its conclusion."
   b. CCC interpreted the "suspension and revocation proceeding exception to arbitration" clause in the CLA to achieve an "absurd" result.
   c. CCC determined that thirty days after notification is a "reasonable deadline" for IPI to come up with $62 million dollars after IPI was ordered to close its business since early 2020.

53. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

### THIRD CASUE OF ACTIONS
### (Against Defendant for Violation of Article IV of CNMI Constitution)

54. "The Commonwealth Constitution provides for a tripartite system of government," which "gives rise to the separation of powers doctrine" *Marine Revitalization Corp. v. Dep't of Land & Natural Res.* 2010 MP 18.

55. Under Article IV of CNMI Constitution, the judicial power of the Commonwealth shall be vested in the judiciary of the Northern Mariana Islands, The Commonwealth trial court shall have original jurisdiction in all cases in equity and in all cases at law which involve land in the Commonwealth, and in all other civil actions.

56. Commonwealth Casino Commission Rules and Regulation, which is codified as NMIAC § 175 -10.1, prescribe the detailed rules and procedures which give CCC broad and sometimes exclusive authority to regulate many aspects of the operations of casino operation.

57. The license revocation and suspension hearings conducted by CCC inevitably would interpret the laws of CNMI and adjudicate disputes arising out of the CLA, which are reserved to the judicial branch of CNMI government.

58. By granting itself the power to adjudicate disputes arising out of the CLA and to make rulings on issues related to the CLA, NMIAC § 175 -10.1 encroaches upon the judiciary by exercising those powers that are judicial in character.

59. IPI suffered and is still suffering harms due to the unconstitutional exercise of judicial powers by CCC.

60. IPI has incurred and will continue to incur attorney's fees and costs because of these proceedings, in amounts that cannot yet be ascertained, which are recoverable in this action under the provisions of 42 U.S.C. Section 1988 (b).

## FOURTH CAUSE OF ACTIONS

### (Against Defendant for Breach of Casino License Agreement)

61. Plaintiff incorporates herein by this reference the allegations contained in the preceding paragraphs.

62. IPI and CNMI entered into the CLA which has a forum selection clause to have courts within CNMI to have exclusive jurisdiction to adjudicate all claims arising out of the CLA.

63. CNMI breached the CLA by bestowing powers upon CCC to function as a judicial office to interpret the terms of the CLA and adjudicate issues related to the CLA under the cloak of "suspension and revocation proceedings."

64. IPI has fulfilled its obligations under the CLA or is excused from performing such obligations.

65. IPI is injured by the breach of the CLA by CNMI, through the operation of CCC.

66. Plaintiff hereby requests declaratory, injunctive and equitable relief pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure.

67. Actual controversies have arisen between IPI and CCC with regard to whether the interpretation of the CLA and adjudication of claims arising out of the CLA by CCC violate the terms of the CLA.

68. CCC's assumption of jurisdiction to function as a judicial or quasi-judicial entity to interpret the CLA and adjudicate claims arising out of the CLA constitutes a breach of the CLA and an improper unilateral modification of the CLA.

69. IPI seeks declaratory relief and a judicial determination, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure:

   (a). that the interpretation of the CLA and adjudication of claims arising out of the CLA by CCC the is in contravention of the CLA;

(b). the regulatory scheme where CCC assumes jurisdiction to decide issues related to the interpretation of the CLA is unconstitutional;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IPI prays for judgment against CCC, as an agency of CNMI, as follows:

1. For the Court to issue a declaration that the current regulatory scheme established by 4 CMC §2314 and NMIAC § 175 -10.1, where CCC is not and cannot function as an impartial decision maker, is unconstitutional;

2. For the court to issue an injunction that CCC may not exercise any power granted by 4 CMC §2314 and NMIAC § 175 -10.1, as long as CCC is not and cannot function as an impartial decision maker;

3. For the Court to issue an injunction against CCC preventing the assumption of jurisdiction by CCC to interpret the terms of CLA and/or to adjudicate claims arising out of the CLA, including not but limited to Complaints 2021-001, 002, 003, 004, and 005;

4. For the Court to issue a declaration stating that the assumption of jurisdiction by CCC to interpret the terms of CLA and/or to adjudicate claims arising out of the CLA, either standing alone, or in connection with a suspension or revocation proceeding, or other enforcement actions, as applied to IPI, is unconstitutional;

5. For the Court to order CCC to vacate, nullify any and all adverse administrative decisions against IPI that were based upon the assumption of jurisdiction by CCC to interpret the terms of CLA and/or to adjudicate claims arising out of the CLA, including but not limited to Commission Order No. 2021-002;

6. For the Court to issue an injunction against CCC preventing the enforcement of any CCC Order, including but not limited to Commission Order No. 2021-002, when such Orders are the fruits of an unconstitutional regulatory scheme;

7. For all costs of suit incurred herein;

8. For reasonable attorney's fees incurred herein;

9. For such other and further relief as the Court may deem just and proper.

Dated: December 18th, 2023
Saipan, CNMI

Respectfully submitted,

By: /s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice* Pending

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC