Edward Manibusan (F0131)
Attorney General
Alison Nelson (T0160)
Assistant Attorney General
Keisha Blaise (T0151)
Assistant Attorney General
Office of the Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
Email: keisha_blaise@cnmioag.org

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,** | **CIVIL CASE NO. NO. 1:23CV-0016** |
| **Plaintiff,** <br> v. <br> **COMMONWEALTH CASINO COMMISSION,** <br> **Defendant.** | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> **Date: March 7, 2024** <br> **Time: 9:00 AM** <br> **Judge: Honorable Ramona V. Manglona** |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ................................................ 2

   A. Commonwealth Casino Commission ................................................................ 3

   B. Casino License Agreement ............................................................................... 2

   C. Commission Order 2021-002 ........................................................................... 3

   D. Judicial Review by  Commonwealth Superior Court ........................................ 4

   E. NMI Supreme Court Decision .......................................................................... 5

III. LEGAL STANDARD .......................................................................................... 6

   A. Federal Ruel of Civil Procedure 12(b)(1) ....................................................... 6

   B. Federal Rule of Civil Procedure 12(b)(6) ....................................................... 6

IV. ARGUMENT ....................................................................................................... 7

   A. The Court Lacks Subject Matter Jurisdiction over IPI's Claims .................... 7

   B. IPI's Causes of Action Faile to State a Claim for Which Relief Can  be Granted .............. 10

   1. IPI Has Not Pleaded Sufficient Facts to Establish Impairment or Breach of
    Contract CLA .................................................................................................. 10

   2. IPI's Claims are Untimely ............................................................................ 11

   3. Defendant The Commissin Lacks the Capacity to Sue and be Sued .................. 12

IV. CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*,
    509 F.3d 1020 (9th Cir. 2007) ...................................................................................... 12

*Ada v. Nakamoto*,
    Civil Action No. 08-0029 D (N. Mar. I Super. Ct. Sept. 2, 2011) ............................... 11

*Aguon v. Commonwealth Ports Auth.*,
    316 F.3d 899, 901 (9th Cir. 2003) ........................................................................... 14, 15

*Alaska Cargo Transp. Inc. v. Alaska R.R. Corp.*,
    5 F.3d 378,380 (9th Cir. 1993) .................................................................................... 15

*Ashcroft v. Iqbal*, 556 U.S.
    662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................. 6, 7

*Ass'n. of Am. Med. Colls. v. United States*,
    217 F.3d 770, 778 (9th Cir.2000) .................................................................................. 6

*Bell Atl. Corp. v. Twombly,*,
    550 U.S. 544, (2007) ...................................................................................................... 6

*City of Martinez v. Texaco Trading & Transp.*,
    353 F.3d 758, 762 (9th Cir. 2003) ................................................................................. 8

*Clark v. Bear Stearns & Co.*,
    966 F.2d 1318, 1320 (9th Cir. 1992) ............................................................................. 8

*Commonwealth Casino Comm'n v. Imperial Pac. Int'l*,
    2023 MP 8 ................................................................................................................... 3, 5

*Commonwealth Casino Commission v. Imperial Pacific International (CNMI), LLC*,
    Civil Case No. 21-0173 (N.M.I. Super. Ct. Mar. 15, 2022) ......................................... 2

*Costantini v. Trans World Airlines*,
    681 F.2d 1199, 1201–02 (9th Cir. 1982) ...................................................................... 9

*De Anza Properties X, Ltd. v. County of Santa Cruz*,
    936 F.2d 1084, 1086 (9th Cir. 1991) ........................................................................... 11

*DeNeiva v. Reyes*,
    966 F.2d 480, 482-83 (9th Cir. 1992) .......................................................................... 14

*Federated Dep't Stores, Inc. v. Moitie*,
    452 U.S. 394, 398 (1981) ............................................................................................... 7

*Garry v. Geils*,
    874 F. Supp. 195, 196-97 (N.D. Ill. 1995) .............................................................. 9

*Gupta v. Thai Airways Int'l, Ltd.*,
    487 F.3d 759, 763 & 765 (9th Cir. 2007) ............................................................... 6

*Headwaters Inc. v. U.S. Forest Serv.*,
    399 F.3d 1047, 1052 (9th Cir. 2005) ..................................................................... 9

*Huynh v. Chase Manhattan Bank*,
    465 F.3d 992, 997 (9th Cir. 2006) ......................................................................... 7

*In re Baker*,
    74 F.3d 906, 910 (9th Cir. 1996) .......................................................................... 7

*In re Garcia*,
    313 B.R. 307, 311 (9th Cir. 2004) ........................................................................ 8

*In re Schimmels*,
    127 F.3d 875, 881 (9th Cir. 1997) ....................................................................... 10

*Lee v. City of Los Angeles.*,
    250 F.3d 668 (9th Cir. 2001) ............................................................................... 3

*Littlejohn v. U.S.*,
    321 F.3d 915, 920 (9th Cir. 2003) .................................................................... 8, 10

*Marine Revitalization Corporation v. Department of Land and Natural Resources*,
    2011 MP 2 ¶ 17) ............................................................................................... 13

*Michaelesco v. Estate of Richard*,
    288 B.R. 646, 653 n.7 (D. Conn. 2003) ................................................................ 7

*Mitchell v. Los Angeles Cmty. Coll. Dist.*,
    861 F.2d 198, 201 (9th Cir.1988) ........................................................................ 14

*Montana v. United States*,
    440 U.S. 147, 153-54 (1979) ............................................................................... 8

*Munday v. Wisconsin Tr. Co.*,
    252 U.S. 499, 503 (1920) ................................................................................... 10

*Norita v. Commonwealth*,
    Case No. 18-cv-00022, 2019 WL 150875 at *6 (D.N.M.I. Jan. 10, 2019) ............... 12

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708, 713 (9th Cir. 2001) ...................................................................... 6, 7, 9

*Pangelinan v. NMI Retirement Fund*,
   2009 MP 12 ................................................................................................................ 13

*Rodi v. S. New Eng. Sch. of Law*,
   389 F.3d 5, 12 (1st Cir. 2004) ............................................................................... 6

*Seymour v. Nationstar Mortg. LLC*,
   No. 20-15489, 2021 WL 6067009 (9th Cir. Dec. 20, 2021) .................................... 9

*Seymour v. Nationstar*,
   No. 2:19-cv00564-MCE-KJN, 2020 WL 804456, at *4 (E.D. Cal. Feb. 18, 2020) .................. 7

*Sheppard v. David Evans and Assocs.*,
   694 F.3d 1045, 1051 (9th Cir. 2012) ..................................................................... 7

*Smith ex rel. Estate of Boston Chicken, Inc. v. Arthur Andersen L.L.P.*,
   175 F. Supp. 2d 1180, 1998 (D. Ariz. 2001) ......................................................... 7

*St. Clair v. City of Chico*,
   880 F.2d 199, 201 (9th Cir. 1989) ...................................................................... 6, 7

*Starr v. Baca*,
   652 F. 3d 1202, 1221 (9th Cir. 2011) ................................................................... 5

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*,
   298 F.3d 1137, 1142 n.3 (9th Cir. 2002) ............................................................ 10

*Tahoe-Sierra*,
   322 F,3d at 1078 ........................................................................................................ 9

*Taisague v. Inos*,
   No. 1:13-CV-00023, 2014 WL 591217 (D.N.M.I. Feb. 12, 2014)........................... 12

*Turtle Island Restoration Network v. U.S. Dep't of State*,
   673 F.3d 914, 918 (9th Cir. 2012) ......................................................................... 9

*TwoRivers v. Lewis*,
   174 F.3d 987, 991 (9th Cir. 1999) ......................................................................... 7

*United States ex rel. Barajas v. Northrup Corp.*,
   147 F.3d 905, 909 (9th Cir. 1998) ......................................................................... 9

*Wilson v. Garcia*,
   471 U.S. 261, 266-67 (1985) ................................................................................ 11

*Zeligson v. Harman-Blair, Inc.*,
  135 F.2d 874, 876 (10th Cir. 1943) ................................................................. 6

**Statutes**

1 CMC § 8315(e) ............................................................................................. 13

2 CMC § 2121 ................................................................................................. 13

2 CMC § 4431 ................................................................................................. 11

4 CMC § 2309(f) ............................................................................................. 15

4 CMC § 2313 (b) ........................................................................................... 15

4 CMC § 2314(a)) .............................................................................................. 2

4 CMC § 2314(q) ............................................................................................. 12

4 CMC § 2314 ................................................................................................. 11

4 CMC § 2314 (b)(2) .......................................................................................... 2

4 CMC § 2314(b)(10) .......................................................................................... 2

4 CMC § 2314(b)(12)&(13) ................................................................................. 2

4 CMC § 2314(b)(3) ........................................................................................... 2

7 CMC § 25 ............................................................................................... 10, 11

7 CMC § 2502 ................................................................................................. 11

7 CMC § 2503 ................................................................................................. 11

7 CMC § 2504 ................................................................................................. 11

7 CMC § 2505 ........................................................................................... 11, 12

7 CMC §§ 2502, 2503, and 2504 ..................................................................... 11

42 U.S.C. § 1983 ............................................................................................. 14

**Rules**

FED. R. CIV. P. 12 (b)(1) ..................................................................................... 6

Fed. R. Civ. P. 12(b) ................................................................................... 5, 6, 7

Fed. R. Civ. P. 12(b) (6) ............................................................................. 3, 6, 7

Fed. R. Civ. P. 12(c) ........................................................................................................... 6

FED. R. CIV. P. 12(d) ........................................................................................................... 6

FED. R. CIV. P. 17(b)(3) ....................................................................................................... 12

FED. R. CIV. P. 8(c)(1) ......................................................................................................... 6

FED. RULE CIV. P. 8(a)(2) .................................................................................................... 7

Fed. R. Civ. P.12(b)(1) and 12(b)(6) ................................................................................... 1

**Public Law**

Public Law 18-38 ................................................................................................................. 2

Public Law 18-56 ........................................................................................................ 10, 12, 15

Edward Manibusan (F0131)
Attorney General
Alison Nelson (T0160)
Assistant Attorney General
Keisha Blaise (T0151)
Assistant Attorney General
Office of the Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
Email: keisha_blaise@cnmioag.org

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC** | **CIVIL CASE NO. 1:23cv-00016** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| **COMMONWEALTH CASINO COMMISSION** | |
| **Defendant.** | **Date: March 7, 2024**<br>**Time: 9:00 AM**<br>**Judge: Honorable Ramona V. Manglona** |

## I.   INTRODUCTION

Defendant Commonwealth Casino Commission (the "Commission") by and through undersigned counsel and hereby submits this Memorandum in Support of the Commission's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As explained further below, the Complaint filed by Plaintiff Imperial Pacific International (CNMI), LLC ("IPI") should be dismissed for three reasons: (1) this Court lacks subject matter jurisdiction over IPI's claims as all its causes of action are barred by the doctrine of res judicata; (2) IPI fails to state a claim for which relief can be granted because its claims are untimely and

barred by the statute of limitations; and (3) IPI fails to state a claim for which relief can be granted because the Commission lacks the capacity to sue and be sued.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Commonwealth Casino Commission

Public Law 18-38, which went into effect on March 21, 2014, authorized and established an exclusive gaming license for operation of a casino in the Commonwealth. Public Law 18-38 also established a "Commonwealth Casino Regulatory Commission," P.L. 18-38 Section 203(a) (codified as 4 CMC § 2314(a)) and granted to the Commission all powers and duties necessary to carry out its purposes, including the responsibility to conduct hearings pertaining to violations of the applicable gaming statutes or promulgated regulations. P.L. 18-38 Section 204(a) (codified as 4 CMC § 2314(a)). In addition, it granted the Commission the responsibility to promulgate rules and regulations as may be necessary to fulfill the intent, policies, and purposes of the public law, which at minimum:

- provide for "[s]upervision, monitoring and investigation or other means to ensure the suitability and compliance with the legal, statutory and contractual obligations of owners, operators, and employees of casinos and other persons licensed under [Public Law No. 18-38]," P.L. 18-38 Section 204(b)(2) (codified as 4 CMC § 2314 (b)(2));
- provide for "the examination, supervision and monitoring of the continuing fiscal and financial capability of casino owners, operators, concessionaries and other parties with any direct relation to the sole casino and to protect the public in the event that such capability is significantly diminished," P.L. 18-38 Section 204(b)(3) (codified as 4 CMC § 2314(b)(3));
- to ensure that "the relationship of the licensed gaming operators with the government and the public is in compliance with the Commission's regulations and provides the highest interest to [the] Commonwealth," P.L. 18-38 Section 204(b)(10) (codified as 4 CMC § 2314(b)(10)); and
- to provide "[c]ivil penalties for the violation of provisions or regulations imposed under [Public Law No. 18-38]" as well as "[p]enalties for the late payment of applicable fines, [or] fees…," P.L. 18-38 Sections 204(b)(12) &(13) (codified as 4 CMC § 2314(b)(12)&(13)).

Finally, P.L. 18-38 granted the Commission the responsibility to levy fines and penalties for the violation of provisions of P.L. 18-38 and implementing regulations. P.L. 18-38 was amended by P.L. 18-43, which went into effect on April 1, 2014. Among other changes, P.L. 18-43 established the name of the regulatory commission as the "Commonwealth Casino Commission,"

*see* P.L. 18-43 Section 10. On July 11, 2014, P.L. 18-56 was signed into law, which repealed and reenacted Public Law 18-38 as amended by P.L. 18-43.

**B.    Casino License Agreement**

On or about August 12, 2014, IPI entered into the Casino License Agreement ("CLA") with the Governor and the Commonwealth Lottery Commission. (ECF 1-1.) The CLA grants the Commission authority for "the approval of all casino operations and gaming activities conducted under the Casino License including but not limited to the establishment of gaming rules and regulations and licensing consistent with the Commonwealth Administrative Procedure Act and [the CLA] (collectively, "Rules")." *Id.* at § 3. The CLA expressly states that "[t]he authority of the Casino Commission includes the ability to suspend or revoke the Casino License, in accordance with the requirements of the Commonwealth Administrative Procedure Act, for violation of the Rules." *Id.*

**C.    Commission Order 2021-002**

From June 2020 to October 2020, the Executive Director to the Commission filed five enforcement actions against IPI. *Commonwealth Casino Commission v. Imperial Pacific International (CNMI), LLC*, Civil Case No. 21-0173 (N.M.I. Super. Ct. Mar. 15, 2022) (Order Affirming the Casino Commission's Suspension of Petitioner's Exclusive Casino License and Monetary Penalties) ("Superior Court Order") at 11-13.[1] The enforcement actions alleged various violations of Commonwealth law, Commission regulations, and the CLA:  Complaint 2020-001 alleged that IPI failed to make Community Benefit Fund contributions; Complaint 2020-002 alleged that IPI failed to pay the 2020 Annual License Fee; Complaint 2020-003 alleged that IPI violated Commission Order 2020-003 by failing to maintain the required cash or cash equivalents in a restricted account in a bank in the Commonwealth or United States; Complaint 2020-004 alleged that IPI violated Commission Order 2020-004 by not paying accounts payable that were over 89 days old as ordered by the Commission; and Complaint

---

[1] As a general rule, a district court may not consider any material outside the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted). However, a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to a summary judgment motion. *Id.* at 688-89 (citations omitted).

2020-005 alleged that IPI failed to pay the 2020 Casino Regulatory Fee. *Id.*

On February 2, 2021 and March 2021, the Commission held evidentiary hearings on the enforcement actions. *Id.* at 15. On April 22, 2021, the Casino Commission issued its final Order No. 2021-002. The Commission found by clear and convincing evidence through the admissions, stipulations, exhibits admitted into evidence, and matters officially noticed that IPI violated the applicable laws and regulations and breached the applicable contract by failing to pay the 2020 Casino Regulatory Fee, 2020 Annual License Fee, and Community Benefit Fund. *Id.* at 16.  The Commission further found that the violations were actions of omission; that IPI did not self-report all the facts concerning the violations; that IPI did not promptly accept responsibility for the offenses; and that IPI has numerous actions pending in the courts of the United States of America and the Commonwealth. *Id.* With respect to IPI's failure to comply with Commission Orders 2020-003 and 2020-004 and its failure to pay the 2020 Casino Regulatory Fee, the Commission found that "IPI offered no defense." *Id.* The Commission ordered (among various fines and penalties) that IPI's Exclusive Casino License to conduct gaming activities was suspended indefinitely from the effective date of the Order. *Id.* at 17.

**D.     Judicial Review by Commonwealth Superior Court**

On May 21, 2021, IPI filed its Petition for Judicial Review before the NMI Superior Court. *Id.* at 19. IPI argued that the Commission's suspension of its gaming license failed to recognize and apply the doctrine of *force majeure* to the enforcement actions set out in Commission Order No. 2021-002. *Id.* at 20. Specifically, IPI argued for the first time that a *force majeure* provision in the Casino License Agreement should be interpreted to excuse the 2020 Casino Regulatory Fee despite IPI's failure to raise the defense before the Commission. *Id.* at 24.

> On March 15, 2021, the NMI Superior Court issued its Order Affirming IPI's suspension. The NMI Superior Court found that the Commission's order was not arbitrary or capricious, an abuse of discretion, or not in accordance with the law, contrary to constitutional rights, in excess of statutory jurisdiction or rights, without observance of due process procedures required by law, or unsupported by substantial evidence. *Id.* at 21. The Superior Court found that: the Casino Commission's Order was based on consideration of the relevant operative facts and evidence generated during the evidentiary hearings (in which IPI admitted the underlying facts, was represented by legal counsel, and

offered no defense other than *force majeure*) and therefore the Court cannot find that there has been a clear error of judgment with regards to the suspension of Petitioner's Exclusive Casino License.

*Id*. at 21-22.

**E.    NMI Supreme Court Decision**

IPI filed its appeal to the NMI Supreme Court. On August 25, 2023, the NMI Supreme Court issued its opinion affirming IPI's suspension of its casino license. *Commonwealth Casino Comm'n v. Imperial Pac. Int'l*, 2023 MP 8. IPI had argued to the NMI Supreme Court that the force majeure defense should apply to its failure to pay the 2020 Casino Regulatory Fee. *Id*. ¶49. IPI further argued that:

its invocation of force majeure with respect to Complaint 002 [regarding the 2020 Annual License Fee] should be "applied broadly" because its "obligations, from which all of the Commission's Enforcement Actions sprout, are derived from the same root: the exclusive casino license" and because its "inability to fulfill the various obligations that form the basis for the CCC's Enforcement Actions also all derive from the same cause: IPI's complete lack of revenue after the COVID-19 pandemic forced the Company to close its operations in March 2020.

*Id*. (citing IPI's briefing). Much like the Superior Court, the Supreme Court found that instead of contesting Complaint 005 for its failure to pay the 2020 Casino Regulatory Fee, IPI "conceded the violations" and sought leniency in sanctions before the Commission. *Id*. at ¶ 56. The Supreme Court rejected IPI's argument that its *force majeure* defense for its failure to pay the 2020 Annual License Fee can be translated to its failure to pay the 2020 Casino Regulatory Fee because "to do so would ignore IPI's consistent representations before the agency." *Id*. at ¶ 57. The Supreme Court found that IPI waived its ability to present a *force majeure* defense on appeal for the 2020 Casino Regulatory Fee because it failed to raise it at the agency level. *Id*. at ¶ 59. The Supreme Court ultimately concluded that:

IPI admitted to the violations in Complaints 003–005, stated multiple times that it was not raising any defense, and even asked to be held accountable. CCC accepted as much and ruled accordingly. … Thus, we

4

1    find that substantial evidence supports CCC's sanctions for Complaint
2    003, Complaint 004, and Complaint 005.

3    *Id*. at ¶ 62.

4    ### III.   LEGAL STANDARD

5    **A.    Federal Rule of Civil Procedure 12(b)(1)**

6        Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for "lack

7    of subject matter jurisdiction." FED. R. CIV. P. 12 (b)(1). A Rule 12(b)(1) motion to dismiss for

8    lack of subject matter jurisdiction permits a court to consider "affidavits or any other evidence

9    properly before the court," even material extrinsic to the pleadings. *Ass'n. of Am. Med. Colls. v.*

10   *United States*, 217 F.3d 770, 778 (9th Cir.2000) (quoting *St. Clair v. City of Chico*, 880 F.2d 199,

11   201 (9th Cir. 1989) (quotation marks omitted); compare FED. R. CIV. P. 12(d) (providing that

12   "on a motion under Rule 12(b)(6) or 12(c)," a motion must be treated as one for summary

13   judgment under Rule 56).

14       Claim preclusion defenses such as res judicata may be considered by way of a Rule 12(b)(1)

15   motion to dismiss. *See Gupta v. Thai Airways Int'l, Ltd*., 487 F.3d 759, 763 & 765 (9th Cir. 2007).

16   Although res judicata is generally an affirmative defense that must be pleaded, FED. R. CIV. P.

17   8(c)(1) & *Zeligson v. Harman-Blair, Inc*., 135 F.2d 874, 876 (10th Cir. 1943), an affirmative defense

18   can be considered on a motion dismiss "so long as (i) the facts establishing the defense are

19   definitively ascertainable from the complaint and the other allowable sources of information, and (ii)

20   those facts suffice to establish the affirmative defense with certitude." *Rodi v. S. New Eng. Sch. of*

21   *Law*, 389 F.3d 5, 12 (1st Cir. 2004).

22   **B.    Federal Rule of Civil Procedure 12(b)(6)**

23       To survive a motion to dismiss, a complaint must contain sufficient factual matter,

24   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

25   U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When

26   there are well pleaded factual allegations, a court should assume their veracity and then

27   determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "[W]here the

28

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Starr v. Baca*, 652 F. 3d 1202, 1221 (9th Cir. 2011) (citing FED. RULE CIV. P. 8(a)(2)).  In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

A statute of limitations defense may be raised in a Rule 12(b)(6) motion if the running of the statute is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).  Dismissal may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.' *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted). In deciding a motion to dismiss on statute of limitations grounds, "the court's task is only to determine whether the claimant has pleaded facts that show it is time barred." *See Smith ex rel. Estate of Boston Chicken, Inc. v. Arthur Andersen L.L.P.*, 175 F. Supp. 2d 1180, 1998 (D. Ariz. 2001).

In addition, a motion to dismiss based on lack of capacity to sue and be sued is properly analyzed pursuant to Rule 12(b)(6). *See Michaelesco v. Estate of Richard*, 288 B.R. 646, 653 n.7 (D. Conn. 2003) (holding that "[e]ven though the defense of lack of capacity is not expressly mentioned in Fed. R. Civ. P. 12(b), … treatment of [a] capacity argument as one made under Fed. R. Civ. P. 12(b)(6) … follows a traditional practice").

## IV.   ARGUMENT

### A.   The Court Lacks Subject Matter Jurisdiction over IPI's Claims

IPI's challenges to the constitutionality of 4 CMC § 2314 and its allegations that the authority of the Commission breaches the CLA are all barred by the doctrine of res judicata.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser*

*Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks and citations omitted). *See also In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *Littlejohn v. U.S.*, 321 F.3d 915, 920 (9th Cir. 2003) (res judicata "bars the subsequent application of all defenses that could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised") (citing *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992)). The general principle underlying res judicata is that "[a]fter a claim or issue is properly litigated, that should be the end of the matter for the parties to that action." *Littlejohn*, 321 F.3d at 919. Precluding parties from contesting matters that they have had a full and fair opportunity to litigate "protects their adversaries from the expense and vexation [of] attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979) (citations omitted).

Res judicata applies where there is (1) a final judgment on the merits, (2) an identity of claims, and (3) identity or privity between parties. *Id*. If any of these three factors are not met, res judicata is inapplicable. *City of Martinez v. Texaco Trading & Transp.*, 353 F.3d 758, 762 (9th Cir. 2003).

First, there is a final judgment on the merits. In Commission Order 2021-002, the Commission determined that IPI violated Commonwealth law, Commission regulations, and the CLA by failing to pay the Community Benefit Fund contribution; failing to pay the  2020 Annual License Fee; failing to pay the 2020 Casino Regulatory Fee; violating Commission Order 2020-004 by not paying accounts payable that were over 89 days old; and violating Commission Order 2020-003 by failing to maintain the required cash or cash equivalents in a restricted bank.  The fact that IPI did not present a defense regarding its failure to comply with Commission Orders 2020-003 and 2020-004 and failing to pay the 2020 Casino Regulatory Fee is not dispositive, as the Ninth Circuit has recognized that "[d]efault judgments are considered 'final judgments on the merits' and are thus effective for the purposes of claim preclusion.'" *In re Garcia*, 313 B.R. 307, 311 (9th Cir. 2004) (citations omitted).

Second, there is an identity of claims. "[T]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *See Seymour v. Nationstar*, No. 2:19-cv00564-MCE-KJN, 2020 WL 804456, at *4 (E.D. Cal. Feb. 18, 2020), aff'd sub nom. *Seymour v. Nationstar Mortg. LLC*, No. 20-15489, 2021 WL 6067009 (9th Cir. Dec. 20, 2021) (quoting *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 714 (9th Cir. 2001)). "The Court must also consider: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Id*. (quoting *Headwaters Inc. v. U.S. Forest Serv*., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Id*. (quoting *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012)). "Newly articulated claims based on the same nucleus of facts may still be subject to a [claim preclusion] finding if the claims could have been brought in the earlier action." *Id*. (alteration in original) (quoting *Tahoe-Sierra*, 322 F.3d at 1078) (citing *United States ex rel. Barajas v. Northrup Corp*., 147 F.3d 905, 909 (9th Cir. 1998)).

Here, IPI seeks to relitigate matters that were previously addressed in the prior enforcement actions. Parties must raise constitutional claims in the context of existing litigation rather than in a separate 1983 action. *Garry v. Geils*, 874 F. Supp. 195, 196-97 (N.D. Ill. 1995). In *Garry*, a municipality had filed a complaint for a taking of property and ultimately obtained judgment and title to the property. In a separate, subsequent action, the property owner alleged that the municipality's taking of the property was retaliatory and unconstitutional. The district court dismissed the action, reasoning that "[p]roper defenses [to eminent domain actions] include alleged violations of federal constitutional rights," so "[w]here a defendant in a condemnation

action neglects to assert a constitutional issue she properly could have raised as a defense in that action, res judicata bars her from later basing a claim against the condemnor on that issue." *Id*. (citation omitted). Similarly, the constitutional issues raised by IPI in this new case could have been presented as a defense in the initial action before the Commission. However, IPI did not avail of that opportunity. As a result, IPI is barred from presenting "all defenses that could have been asserted in a previous action between the same parties on the same cause of action, even if such contentions were not raised." *Littlejohn*, 321 F.3d at 919-920.

Third, privity between parties exists when a party is so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved. *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc*., 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Here, IPI is clearly in privity with the underlying lawsuit, as it was a defendant in the underlying action and is now bringing this new action as the plaintiff. IPI is therefore an identical party.

Finally, the principles of judicial efficiency, fairness, and the finality of prior judgments support the dismissal of this current action with prejudice. The Commission, a forum of competent jurisdiction, made a decision on the merits. Subsequently, that decision was not only affirmed by the Superior Court, but also the NMI Supreme Court. Therefore, IPI's attempt to circumvent the principle of finality by bringing up a previously-available defense in this new action should not be rewarded and this Court should dismiss this action with prejudice.

**B.    IPI's Causes of Action Fail to State a Claim for Which Relief Can be Granted**

   1.    IPI Has Not Pleaded Sufficient Facts to Establish Impairment or Breach of Contract CLA

IPI fails to state a claim for which relief can be granted under Rule 12(b)(6) because the challenged authority of the Commission was granted on or before the effective date of the CLA.

The Contracts Clause of the United States and CNMI Constitutions do not apply to law enacted prior to the making of a contractual obligation which is claimed to be impaired. *See Munday v. Wisconsin Tr. Co.,* 252 U.S. 499, 503 (1920) (holding that "the settled doctrine is that the contract clause applies only to legislation *subsequent in time* to the contract alleged to have

been impaired") (emphasis added). Here, IPI pleads that Public Law 18-56 was passed on July 11, 2014, and the CLA was later signed on August 12, 2014. IPI cannot assert an impairment of contracts clause claim when the statute at issue existed prior to the execution of the CLA.

IPI's fourth cause of action alleging breach of the CLA similarly fails to state a claim. IPI alleges that the Commission's authority to adjudicate issues related to the CLA constitutes a breach of the CLA. However, the authority of the Commission, including the express authority "to suspend or revoke the Casino License" for violation of the CLA, is stated on the face of the CLA.  Under CNMI law, the elements for a breach of contract are "(1) the existence of a valid contract; (2) the breach of an obligation imposed under the contract; and (3) damages to the plaintiff resulting from the breach." *Ada v. Nakamoto*, Civil Action No. 08-0029 D (N. Mar. I Super. Ct. Sept. 2, 2011)), *aff'd*, No. 20-16047, 2021 WL 4872460 (9th Cir. Oct. 19, 2021). At the time the Public Law 18-56 went into effect, no valid contract was in existence. Moreover, after the CLA was effective, IPI cannot establish a breach of any obligation under the CLA; to contrary, any action by the Commission to enforce the gaming laws through suspension and revocation proceedings is consistent with the mutual assent of the parties as stated in Section 3 of the CLA.

2.    IPI's Claims are Untimely

IPI fails to state a claim for which relief can be granted under Rule 12(b)(6) because IPI's challenges to the unconstitutionality of 4 CMC § 2314 are barred by the statute of limitations.

Claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In the CNMI, that period is six years. *See* 7 CMC § 2505 (providing that "[a]ll actions other than those covered in 7 CMC §§ 2502, 2503, and 2504 shall be commenced within six years after the cause of action accrues").[2]

In the context of a facial challenge, the cause of action accrues on the date that the

---

2 *Compare* 7 CMC § 2502 (providing a limitation of 20 years for actions upon a judgment and actions for the recovery of land or an interest therein); 7 CMC § 2503 (providing a limitation of 2 years for actions for assault and battery, false imprisonment, or slander; actions against the Director of Public Safety, a police officer, or other person duly authorized to serve process for an act or omission in connection with the performance of official duties; actions for malpractice; and actions for injury or death caused by a wrongful at or neglect, or against a bank for deposit of a forged check); and 7 CMC § 2504 (providing a limitation of 2 years for actions against the estate of a deceased person).

1  challenged statute or ordinance went into effect. *See De Anza Properties X, Ltd. v. County of*

2  *Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991). In addition, the mere re-enactment of a

3  statutory scheme does not restart the clock, and even a substantive amendment will only give rise

4  to a new cause of action if the amendments alter the effect of the ordinance on the plaintiff. *Id*. at

5  1086. The Ninth Circuit has recognized this limitation in the context of a facial challenge under

6  the takings clause, *id*., as well as a facial substantive due process claim. *Action Apartment Ass'n,*

7  *Inc. v. Santa Monica Rent Control Bd*., 509 F.3d 1020 (9th Cir. 2007). In addition, it has noted

8  that "it stands to reason that any facial injury to any right should be apparent upon passage and

9  enactment of a statute." *Id*. at 1027.

10  The CNMI Legislature promulgated P.L. 18-56 on July 11, 2014. (Compl. ECF 1 at 3

11  ¶9.) The CLA was signed on August 12, 2014. (Compl. ECF 1 at 3 ¶5.)  At latest, any cause of

12  action for injury arising from P.L. 18-56 therefore accrued as of the date the CLA was signed, as

13  IPI's rights and obligations as the exclusive casino licensee were established as of that date. Any

14  facial challenge to the constitutionality of P.L. 18-56 therefore was required to be brought by no

15  later than August 12, 2020.

16  Likewise, Plaintiff's fourth cause of action alleging breach of the CLA is time-barred.

17  Plaintiff alleges that the Commission's authority to adjudicate issues related to the CLA

18  constitutes a breach of the CLA. That authority is expressly stated on the face of the CLA, which

19  went into effect on August 12, 2014. Commonwealth law applies a six-year statute of limitations

20  to breach of contract actions. 7 CMC § 2505. As with Plaintiff's causes of action challenging the

21  constitutionality of P.L. 18-56, any action for breach of contract based on a grant of Commission

22  authority that had already occurred as of the execution of the CLA was required to be brought at

23  latest when IPI became the exclusive casino licensee subject to the CLA and applicable laws

24  (*i.e*., by no later than August 12, 2020).

25        3.     <u>Defendant The Commission Lacks the Capacity to Sue and be Sued</u>

26  The capacity of a governmental entity to be sued in federal court is governed by state

27  law. FED. R. CIV. P. 17(b)(3); *see also Norita v. Commonwealth*, Case No. 18-cv-00022, 2019

28  WL 150875 at *6 (D.N.M.I. Jan. 10, 2019). If an entity lacks the capacity to be sued, dismissal

of the entity is proper. *See Taisague v. Inos*, No. 1:13-CV-00023, 2014 WL 591217 (D.N.M.I. Feb. 12, 2014), certified question answered, No. 2014-SCC-0004-CQU, 2014 WL 7399219 (N. Mar. I. Dec. 30, 2014) (dismissing the Commonwealth Department of Finance from a 42 U.S.C. § 1983 action for lack of capacity to be sued).

Commonwealth law explicitly grants the power to sue and be sued to a number of Commonwealth entities. *See, e.g.*, 1 CMC § 8315(e) (granting the Retirement Fund the power "[t]o sue or be sued in its corporate name"); 2 CMC § 2121 (providing that the functions of the Commonwealth Ports Authority are governmental and public "and it may sue and be sued in its own name"); 2 CMC § 4431 (providing that "[t]he Commonwealth government hereby gives its irrevocable consent to allowing [the Northern Marianas Housing Corporation] to sue and be sued in its corporate name"). In addition, the Commonwealth Supreme Court has acknowledged a distinction between "sue and be sued" agencies and those that are not "sue and be sued." See Norita, 2019 WL 150875 at *7 (citing *Marine Revitalization Corporation v. Department of Land and Natural Resources*, 2011 MP 2 ¶ 17). The express inclusion of the phrase "to sue or be sued" is a limited legislative waiver of sovereign immunity. *See Id*. (citing *Pangelinan v. NMI Retirement Fund*, 2009 MP 12 ¶ 26). On the basis of these Commonwealth Supreme Court opinions, this Court has held that "it is clear that (1) the legislature expressly waived the immunity of some agencies by including 'sue or be sued' language, and (2) other agencies enjoy immunity." *Id*. (dismissing the Department of Public Safety on the grounds that "the Court is persuaded that the CNMI legislature's silence as to DPS's capacity to sue or be sued indicates that it did not intend to grant such capacity to DPS").

Here, the enabling legislation for the Commonwealth Casino Commission grants only limited powers of suit to the Commission:

> The Commission may initiate regulatory proceedings or actions appropriate to enforce the provisions of the gambling, or gaming laws of the Commonwealth, except for the local gaming initiatives of the First and Second Senatorial Districts and the regulations promulgated thereto, when appropriate shall, in conjunction with the Attorney General, sue civilly to enforce the provisions of the gambling and gaming laws of the Commonwealth, except for the local gaming initiatives of the First and

> Second Senatorial Districts and the regulations promulgated thereto, and may request that the Attorney General prosecute any public offense committed in violation of any provision of gambling or gaming laws of the Commonwealth.

4 CMC § 2314(q). This statute authorizes the Commission to sue civilly to enforce the provisions of the gambling and gaming laws of the Commonwealth only "in conjunction with the Attorney General." This limited authorization should not be construed as broadly waiving the Commission's immunity from suit. The Commission must therefore be dismissed as a defendant in this action.

    4.    <u>The Commission is Not a "Person" for Purposes of Section 1983</u>

To the extent this court construes IPI's Complaint as alleging its constitutional claims under Section 1983, those claims must be dismissed on the grounds that the Commission is not a "person" for purposes of Section 1983.

By its terms, a Section 1983 action must be brought against a "person." *See* 42 U.S.C. § 1983 (holding liable "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws") (emphasis added).

It is well-established that states are not considered persons for purposes of Section 1983. *See*, *e.g.*, *DeNieva v. Reyes*, 966 F.2d 480, 482-83 (9th Cir. 1992) ("[T]he CNMI is not a 'person' within the meaning of § 1983, and … [n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983.").

As an agency of the Commonwealth, the Commission is an arm of the Commonwealth and is also immune from suit. Whether an entity is an arm of the Commonwealth is determined by a five-factor test: (1) "[W]hether a money judgment would be satisfied out of state funds," (2) "whether the entity performs central governmental functions," (3) "whether the entity may sue or be sued," (4) "whether the entity has the power to take property in its own name or only the name of the state" and (5) "the corporate status of the entity." *Aguon v. Commonwealth Ports*

*Auth.*, 316 F.3d 899, 901 (9th Cir. 2003) (quoting *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir.1988) (extending the Eleventh Amendment test to the territories, and holding that an autonomous agency, the Commonwealth Ports Authority, was not a "person" as a corporate arm of the Commonwealth).

Here, the Commission is an arm of the government. First, the most critical factor is whether the CNMI government would ultimately bear the costs of a judgment against the Commission. *Alaska Cargo Transp. Inc. v. Alaska R.R. Corp.*, 5 F.3d 378,380 (9th Cir. 1993). Although the Commission has an account separate from the central government pursuant to P.L. 19-24, the funds were dependent solely on IPI's payment of the Casino Regulatory Fee. Therefore, the CNMI government would ultimately bear the costs of any judgment against the Commission. Second, the Commission performs a central government function by regulating the casino industry in the Commonwealth. In determining the Commission's role as an arm of the government "the court looks to the way the state law treats the entity." *Aguon*, 316 F.3d 899, 902 (quoting *Mitchell*, 861 F.2d at 201). The Commission was established pursuant to P.L. 18-56 to act on behalf of the Commonwealth to enforce the CLA and the gaming laws of the Commonwealth. Third, as explained above, the Commission does not have the capacity to sue or be sued. Fourth, the Commission is an autonomous agency of the government and not a public corporation and therefore lacks the power to take property in its own name. As to the Commission's corporate status, the court ultimately looks at the degree of autonomy the agency has from the Commonwealth government. *Aguon*, 316 F.3d 899, 903; *see also Alaska Cargo*, 5 F.3d at 382 (determining that the state's extensive involvement with the board of the entity rendered it "far from autonomous"). Similarly, all powers vested in the Casino Commission are exercised by the Commissioners who are appointed by the Governor with the advice and consent of the Senate, 4 CMC § 2313 (b), and must submit an annual report of its finances to the Governor and the legislature. 4 CMC § 2309(f).

## V.   CONCLUSION

For the foregoing reasons, this action should be dismissed with prejudice.

14

Dated: January 24, 2024

OFFICE OF THE ATTORNEY GENERAL

_____/s/_____
Keisha Blaise (T0151)
Assistant Attorney General
Attorney for Defendant

_____/s/_____
Alison M. Nelson (T0160)
Assistant Attorney General
Attorney for Defendant